IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERTO MANCEBO : | |
|     *Petitioner*, | |
| | CIVIL ACTION |
| v. : | NO. 18-2753 |
| | |
| THERESA DELBALSO; THE ATTORNEY | |
| GENERAL OF THE STATE OF : | |
| PENNSYLVANIA; and, THE DISTRICT | |
| ATTORNEY OF BERKS COUNTY | |
|     *Respondents*. : | |

**ORDER**

AND NOW, this 6th day of October 2020, upon consideration of Petitioner's Habeas Petition (ECF No. 2); United States Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation regarding same (ECF No. 10); Petitioner's Objection thereto (EFC No. 12); and, the government's Response to Petitioner's Objection (ECF No. 15), it is hereby ORDERED as follows:

1. Petitioner's Objection (Doc. No. 12) is OVERRULED;[1]

---

[1] Petitioner filed the instant *pro se* habeas petition pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Carol Sandra Moore Wells for preparation of a Report and Recommendation (R&R) and upon review of the matter, it was recommended that the habeas petition be dismissed for failure to establish entitlement to equitable tolling, rendering the Petition time-barred. Petitioner filed an objection to the R&R, claiming he satisfied his burden.

When objections are filed to the Report and Recommendation of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. §636(b)(1). Although courts must give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, Civ. No. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. June 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." *Prout v. Giroux*, Civ. No. 14-3816, 2016 U.S. Dist. LEXIS 57085, at *30 (E.D. Pa. Apr. 29, 2016); *see also Guzman v. Rozum*, Civ. No. 13-7083, 2017 U.S. Dist. LEXIS 55661, at *22 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity."); *Luckett v. Folino*, CIVIL NO. 1:09-CV-0378, 2010

2. The Report and Recommendation (Doc. No. 10) is APPROVED and ADOPTED;

3. The Petition for Writ of Habeas Corpus (Doc. No. 2) is DENIED;

4. Petitioner's request for an evidentiary hearing is DENIED;

5. A Certificate of Appealability shall NOT ISSUE, as Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims; and,

6. The Clerk of Court shall mark this matter CLOSED.

BY THE COURT:

/s/  C. Darnell Jones, II    J.

---

U.S. Dist. LEXIS 100018, at *2 (M.D. Pa. 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ].").

Petitioner raises a sole objection to the R&R: he disagrees that he does not meet his burden for equitable tolling under the AEDPA. Petitioner contends he meets the standards required by reiterating the same arguments the Magistrate Judge already considered and discussed in the R&R. Accordingly, Petitioner's objection is not entitled to *de novo* review. *Gray*, 2017 U.S. Dist. LEXIS 101835, at *11. Moreover, within his objection, Petitioner appears to blame counsel regarding the timing issue. (Obj. 4). Notwithstanding the fact that any validity to this claim would not change the ultimate result, this is a new claim, not raised in his habeas petition. Local Civil Rule 72.1(IV)(c) provides: "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report & Recommendation if they could have been presented to the magistrate judge." Petitioner's claim could have been presented to the Magistrate Judge and Petitioner provides no reason to the contrary. Accordingly, "the interest of justice does not require the consideration of [the] new claim." *See Grant v. Tice*, Civil Action No. 17-3471, 2019 U.S. Dist. LEXIS 76462, at *9 (E.D. Pa. May 3, 2019).

In view of the foregoing, Petitioner's objection is not entitled to *de novo* review. Instead, this Court must review the R&R for clear error. *See Crist v. Kane*, No. 3:14-CV-01412, 2016 U.S. Dist. LEXIS 131107, at *4 (M.D. Pa. Sept. 26, 2016) ("[T]he Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically de novo. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error."). Having done so and finding no clear error in this case, the R&R shall be approved and adopted.